KARL D. VAN WAGNER, PLAINTIFF-RESPONDENT, v. THE WEST SHORE RAILROAD COMPANY AND THE NEW YORK CENTRAL RAILROAD COMPANY, DEFENDANTS-APPELLANTS.

Submitted January 16, 1940—Decided April 9, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-respondent, *Major & Carlsen* (*James A. Major*).

For the defendants-appellants, *Gerald F. O'Mara* and *Wall, Haight, Carey & Harlpence.*

The opinion of the court was delivered by

CASE, J.   The appeal is from a judgment in the amount of $150 and costs awarded to the plaintiff against the defendants by the judge of the First Judicial District Court of the county of Bergen, sitting without a jury.   The action was to

recover for personal injuries suffered by the plaintiff as the result of a fall upon the premises of the defendant railroad companies as he approached the train platform in order to board a train as a passenger. The court rulings upon which the appeal is based are the refusal to grant a nonsuit and the refusal to award judgment for the defendants.

There are proofs to sustain a factual finding of this purport: The plaintiff met with his accident on a constructed pathway leading to the train platform. That pathway is on railroad property and has for many years been used by defendants' passengers for approach to and departure from the train platform. Originally a mound of earth existed at about the junction of the railroad property with the highway, and in 1931 a private contractor, in need of earth fill, removed that mound with the consent of both the township of Teaneck and the defendant companies. Later there was a mudhole where the mound had been, and the township authorities sought to remedy the condition, first, in 1932, by the placing of old boards, then by installing wooden steps and, finally, between 1934 and 1936, by constructing, on defendants' property, the present pathway of cinders and stone screenings treated with an asphalt oil and at a grade, for a distance of sixteen feet, of twenty per cent.—a construction that, in at least some respects, was not duplicated elsewhere on the river division of the New York Central Railroad Company extending from Weehawken to Albany. The work was done as a Civil Works Administration project in conjunction with a general scheme which was submitted in 1934 to the defendant companies and which was essentially carried out; although the pathway seems not to have been formally a part of the project as originally planned. The path is without drainage except on its own surface. The part of it where defendant fell has the twenty per cent. grade and is slippery in wet weather. There was no handrail or other safety device. The day in question was rainy. Plaintiff, a prospective passenger, was on his way to the train platform. He slipped and fell on the incline or ramp mentioned above. It is a fair inference from the proofs that the presence of the pathway on railroad property was for the use and convenience of the defendants'

passengers in going to and from trains and that the constant use by the passengers was with the knowledge and consent of those companies.

The state of demand alleged that the plaintiff's injuries resulted from a fall caused by negligence in the construction and maintenance of the approach. The defenses interposed at the trial were, first, that the ramp was not negligently constructed and, second, that if it was, the fault lay with the township of Teaneck, which constructed it and maintained the same under an oral contract with the defendant companies.

Appellants' first point on the appeal is that the proofs show no standard of construction and deviation therefrom and that therefore the judgment of the trial court should be reversed. There is nothing peculiar to railroads in the construction of a footway down a hillside. We find no element in the cause which calls for the application of the principle of proof of standard usage and deviation therefrom enunciated in the case of *Traphagen* v. *Erie Railroad Co.*, 73 N. J. L. 759, and followed in numerous other decisions; but if it be otherwise, qualifying proof may be found, we think, in the absence of like construction in the long line of defendants' railroad facilities from Weehawken to Albany.

Appellants present as their second point that there is no proof of inadequate maintenance or of notice of any negligent condition being brought home to the appellants. It was established that the defendants did nothing toward maintaining or repairing the ramp. But the conditions which caused the plaintiff to fall appear to have been in the construction rather than in faulty repairs or failure to repair; and the length of time that had elapsed since the construction, together with the constant and obvious use by passengers, sustain the inference that the defendants had knowledge of such construction and use. No authorities are brought to our notice which tend to relieve defendants from negligence in construction effected by another, on defendants' lands, with defendants' knowledge and acquiescence, for the use of defendants' passengers.

Finally, it is urged that the action of the trial court in giving judgment for the plaintiff makes, in effect, the appel-

lants insurers of his safety—a degree of care not imposed by the law. That statement is a *non sequitur*. The defendants owed to the plaintiff the duty to exercise ordinary care and precaution to make their premises reasonably safe for his use as a passenger. *Seckler* v. *Pennsylvania Railroad Co.,* 113 *N. J. L.* 299. Inasmuch as the District Court judge, sitting as trier of the fact, rendered judgment for the plaintiff, he must have found that the defendants had failed in that duty and that by reason of that failure plaintiff had been damaged. A finding of fact by a District Court is conclusive where there is any legal evidence upon which the finding may be based. *Glickfeld* v. *Venokur,* 15 *N. J. Mis. R.* 522; *affirmed,* 119 *N. J. L.* 431. The evidence, in our opinion, is adequate to support the finding of the District Court.

The judgment below will be affirmed.